

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**FILED**

DEC 05 2019

\S G. BRUTON
S. DISTRICT COURT

MOHAMMED MAHRAN,

        **Plaintiff,**

   v.

ROSELAND COMMUNITY HOSPITAL,

        **Defendant.**

**1:19-cv-07975
Judge Jorge L. Alonso
Magistrate Judge Jeffrey Cummings**

)
)
)

<u>**Jury Trial Requested.**</u>

## COMPLAINT

Plaintiff, MOHAMMED MAHRAN ("Plaintiff") complaining of Defendant ROSELAND COMMUNITY HOSPITAL, states as follows:

### NATURE OF THE CASE

1.    Plaintiff seeks redress for the violation of rights guaranteed to him by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended, 42 U.S.C. § 1981, and the Illinois Human Rights Act, 775 ILCS 5/1-101 *et seq.*, as a result of retaliation, discrimination (based on national origin, ethnicity, and religion), a hostile work environment, wrongful discipline, and retaliatory termination that he suffered during his employment with the Defendant, Roseland Community Hospital.

### JURISDICTION AND VENUE

2.    Plaintiff alleges violations of his civil rights under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981; therefore, jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

3.    On September 19, 2018, Plaintiff filed timely charges of discrimination with the



F I L E D

DEC 15 2019

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Equal Employment Opportunity Commission *See* Exhibit A.

4.     Equal Employment Opportunity Commission issued a Notice of Right to Sue on Plaintiff's charge on September 17, 2019. *See* Exhibit B.

5.     The violations alleged herein occurred in the Northern District of Illinois; therefore, venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## PARTIES

6.     Plaintiff MOHAMMED MAHRAN is an Egyptian Muslim man who currently resides in Oak Lawn, Illinois, and was employed as a staff pharmacist at Defendant Roseland Community Hospital ("RCH").

7.     Defendant ROSELAND COMMUNITY HOSPITAL ("RCH") runs and manages an Illinois-based hospital at which Plaintiff was employed. Defendant is an "employer" for the purposes of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(b), as Defendant employed fifteen (15) or more employees for each working day for twenty (20) or more calendar weeks in the current and preceding calendar years.

## BACKGROUND FACTS COMMON TO ALL COUNTS

8.     On June 26, 2017 Plaintiff was hired as full time pharmacist at ROSELAND COMMUNITY HOSPITAL.

9.     On September 26, 2017 Plaintiff completed the probation period successfully.

10.     In October 2017, the pharmacy director Pamela Tanyitiku asked the Plaintiff to cover most of the new evening shifts since he is the only the male pharmacist in the department and because security people are not available to accompany staff to the parking lot at the end of

2

the shift. She also asked him to be responsible to cover the on call shifts for free even on the shifts when he is not scheduled because he is the only male pharmacist in the department. Plaintiff replied that although his contract is clearly stating that his shift is from 7 am to 7 pm, he will be happy to help and take equal evening shifts with his co-workers either evening or on call. The pharmacy director got mad and kicked him out of the office. As retaliation she deleted some of his hours from the system so he was not paid for them.

11.     On November 15, 2017 Plaintiff had a meeting with the pharmacy director Pamela Tanyitiku, the Chief Nurse Officer Jeraldene Shaffer , the Director of Human Resources, Paulette Clark , the CEO Timothy Egan upon his request. Plaintiff  showed documents of evidence for racial discrimination based on religion, gender and country of origin done by the director Pamela Tanyitiku regarding scheduling and other issues .At the same meeting. Plaintiff raised issues regarding patient safety done by the pharmacy director Pamela Tanyitiku which resulted in retaliation against Plaintiff by deleting his  overtime hours he  worked from the system and refusing to pay him theses hours.

12.     On November  16,2017  the  CEO Timothy Egan sent the chaplain Rev. Reginald O'Dell to try to convince  Plaintiff of not doing his  prayers and to accept all of the religious violations done by his director and asked him to resign from  the hospital if he  does not like their rules.

13.     On November 16, 2017  Plaintiff sent the pharmacy director Pamela Tanyitiku an email asking her  permission to do his  weekly Friday weekly prayer in his  lunch break (30 minutes) which everyone takes and although it was after 6 hours and 40 minutes without any

3

single break from the beginning of his shift. Ms. Tanyitiku ignored his e-mail and thereby withheld her permission, which prevented him from leaving for prayer that day even though there were other pharmacists available to cover the pharmacy.

14.     On December 5, 2017,  Plaintiff received a note from Ms. Tanyitiku alleging that he made some mistakes in the pharmacy, and she gave him  a written warning.

15.     On December 12, 2017, in response to Ms. Tanyitiku's allegations, Plaintiff e-mailed Mr. Egan, Ms. Clark, and Ms. Tanyitiku explaining that the allegations against him were false and the mistakes were actually made by Ms. Tanyitiku and pharmacist Lauren McCauley, facts which are supported by the pharmacy database and documents. In responding to the performance concerns alleged against him, he also requested that action be taken against those who made the mistakes since they involved patient safety. Upon information and belief, none of the individuals responsible for the mistakes were held accountable or ever disciplined in any way.

16.     On December 14,2017 Plaintiff sent all his  concerns regarding retaliation and religious discrimination  to every single member of ROSELAND COMMUNITY HOSPITAL board of directors.

17.     On December 14, 2017, HR director told Plaintiff that he was suspended verbally.

18.     On December 26,2016, ROSELAND COMMUNITY HOSPITAL wrongfully terminated plaintiff without any explanation and without his discrimination complains could reach any arbitration panel.The pharmacy director was terminated in the same week.

19.     Pay rate for the plaintiff is per the job offer is $57.00 per hour.The  on call hours

were only paid at the rate of $2 and some were never paid.

20.     Plaintiff believe Ms. Tanyitiku's disparate treatment against me is motivated by racial and religious discrimination, as well as retaliation for bringing patient safety concerns to the CEO, Mr. Egan. For quite some time there has been a pattern at Roseland of Ms. Tanyitiku discriminating against employees for raising patient safety concerns, which includes pharmacist Lenee Souta, as well as pharmacist Tiajuana Dixon (who filed a charge with the EEOC for racial discrimination in May 2017).

21.     On December 14, 2017, plaintiff  e-mailed all of his  concerns regarding retaliation and religious discrimination to every single member of the Hospital's Board and requested a meeting, but none of them scheduled a meeting with me.

22.     plaintiff sent two e-mails to Ms. Tanyitiku explaining that all the mistakes were fabricated, but she refused to meet with him and discuss his concerns. Mr. Egan replied to one of his e-mails stating that he would meet with him  to discuss his  concerns, but he never did.

23.     On December 14,2017 IT department in Roseland violated plaintiff's  personal privacy and wiped my personal iphone.

24.     In violation to federal and state law, when a new employer was checking with Roseland Human Resources about the employment of the plaintiff, they say Involuntary Termination to block him from getting any new job

25.     . As a   retaliation for bringing safety concerns regarding patients' clinical outcomes and refusing the director's racial discrimination, another pharmacist Leiah (contract pharmacist) who went and complained that her hours were worth about $9,000 but she only received $1,800 and still her problem is still pending and the pharmacy director fired her as well.

## COUNT I – TITLE VII – RELIGIOUS DISCRIMINATION

26.     Plaintiff re-asserts and re-alleges paragraphs one (1) through twenty five (25) twenty five (25)   as if fully set forth herein.

27.     Defendant subjected Plaintiff to a hostile work environment based on his religion, Islam, through severe and pervasive actions and inactions, thereby negatively altering the conditions of his employment and creating an abusive working environment.

28.     Despite knowledge of the harassing treatment of Plaintiff, Defendant failed to take any appropriate action to prevent or correct the discriminatory work conditions imposed upon Plaintiff.

29.     Defendant discriminated against Plaintiff when it failed to take appropriate action even after receiving numerous complaints from Plaintiff about the harassment, thereby allowing the hostile work environment to continue.

30.     The aforementioned acts and omissions of Defendant were willful and wanton, reckless, and malicious acts of unlawful discrimination against Plaintiff in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq*.

31.     As a direct and proximate result of Defendant's actions and omissions, Plaintiff has suffered emotional distress, lost wages and benefits, and other consequential damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MOHAMMED MAHRAN, requests that this Honorable Court enter judgment in his favor and against Defendant, and enter an Order awarding the following relief:

6

A. All wages and benefits he would have received but for the discrimination;

B. Compensatory damages;

C. An award of costs, as provided by F.R.C.P. 54(d)(1);

D. An award of reasonable attorney's fees, as provided by 42 U.S.C. § 2000e-5(k); or 42 U.S.C. § 1988(b);

E. Declaratory and injunctive relief to abate the harassment of Plaintiff; and

F. Such other and further relief as this Honorable Court deems equitable and just.

## COUNT II – TITLE VII – NATIONAL ORIGIN AND/OR ETHNIC DISCRIMINATION

32. Plaintiff re-asserts and re-alleges paragraphs one (1) through twenty five (25)   as if fully set forth herein.

33. Defendant subjected Plaintiff to a hostile work environment based on his ethnicity and national origin, Middle-Eastern, through severe and pervasive actions and inactions, thereby negatively altering the conditions of his employment and creating an abusive working environment.

34. Despite knowledge of the harassing treatment of Plaintiff, Defendant failed to take any appropriate action to prevent or correct the discriminatory work conditions imposed upon Plaintiff.

35. Defendant discriminated against Plaintiff when it failed to take appropriate action even after receiving numerous complaints from Plaintiff about the harassment, thereby allowing the hostile work environment to continue.

36. The aforementioned acts and omissions of Defendant were willful and wanton, reckless, and malicious acts of unlawful discrimination against Plaintiff in violation of the

7

provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq*.

37.     As a direct and proximate result of Defendant's actions and omissions, Plaintiff has suffered emotional distress, lost wages and benefits, and other consequential damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MOHAMMED MAHRAN, requests that this Honorable Court enter judgment in his favor and against Defendant, and enter an Order awarding the following relief:

A.  All wages and benefits he would have received but for the discrimination;

B.  Compensatory damages;

C.  An award of costs, as provided by F.R.C.P. 54(d)(1);

D.  An award of reasonable attorney's fees, as provided by 42 U.S.C. § 2000e-5(k); or 42 U.S.C. § 1988(b);

E.  Declaratory and injunctive relief to abate the harassment of Plaintiff; and

F.  Such other and further relief as this Honorable Court deems equitable and just.

## COUNT III – TITLE VII – RETALIATION

38.     Plaintiff re-asserts and re-alleges paragraphs one (1) through twenty five (25) as if fully set forth herein.

39.     Plaintiff engaged in statutorily protected activity pursuant to Title VII by filing countless formal complaints to his superiors at RCH about the harassment and discrimination he faced.

40.     Defendant was aware of Plaintiff's numerous formal complaints about harassment since his start date.

8

41.    Defendant retaliated against Plaintiff by fostering hostile work conditions of employment and by treating Plaintiff less favorably than similarly situated employees. Specifically, Defendant has not provided Plaintiff the same advancement opportunities as other non-Muslim pharmacists.

42.    The aforementioned acts and omissions of Defendant were willful and wanton, reckless, and malicious acts which constitute unlawful retaliation due to Plaintiff's opposition to Defendant's discriminatory practices, in violation of the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*, as amended.

43.    As a direct and proximate result of Defendant's actions and omissions, Plaintiff has suffered emotional distress, lost wages and benefits, and other consequential damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MOHAMMED MAHRAN, requests that this Honorable Court enter judgment in his favor and against Defendant, and enter an Order awarding the following relief:

A.  All wages and benefits he would have received but for the discrimination;

B.  Compensatory damages;

C.  An award of costs, as provided by F.R.C.P. 54(d)(1);

D.  An award of reasonable attorney's fees, as provided by 42 U.S.C. § 2000e-5(k); or 42 U.S.C. § 1988(b);

E.  Declaratory and injunctive relief to abate the harassment of Plaintiff; and

F.  Such other and further relief as this Honorable Court deems equitable and just.

## COUNT V – WAGE CLAIMS UNDER TITLE VII AND THE FAIR LABOR STANDARDS ACT

80.     Plaintiff re-asserts and re-alleges paragraphs one (1) through twenty five (25)  as if fully set forth herein.

81.     Plaintiff had been performing his job as a Pharmacist within the reasonable expectations of Defendant.

82.     Defendant subjected Plaintiff to substantially different working conditions than the non-Muslim employees under its supervision in that Plaintiff was forced to perform additional responsibilities without compensation.

83.     For his regular hourly rate, Plaintiff was being compensated by Defendant at a lower rate than the non-Muslim employees who were also employed as Pharmacists, including those with less experience, in violation of  Title VII, 42 U.S.C. § 2000e-2(a).

84.     Plaintiff was also denied overtime pay for hours worked in excess of his full-time hours, in violation of Section 7 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a).

85.     Plaintiff was discriminated against in his pay on the basis of his religion, Muslim, and his national origin, Egyptian.

86.     After Plaintiff started inquiring about the disparate treatment, he was retaliated against by Defendant in that his concerns were not addressed despite making timely requests.

88.     Plaintiff submitted inquiries to his supervisors and to Defendant's Human Resources Department alleging disparate treatment based on his religion and national origin. Before Plaintiff had the opportunity to have his HR grievances heard in an arbitration hearing, he was terminated by Defendant.

89.     As a result of Defendant's conduct, Plaintiff has sustained severe and substantial damages and injuries including, but not limited to, lost earnings, lost benefits, a reduction in the value of his retirement benefits, and other compensable damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MOHAMMED MAHRAN, requests that this Honorable Court enter judgment in his favor and against Defendant, and enter an Order awarding the following relief:

A. All wages and benefits he would have received but for the discrimination;

B. Compensatory damages;

C. An award of costs, as provided by F.R.C.P. 54(d)(1);

D. An award of reasonable attorney's fees, as provided by 42 U.S.C. § 2000e-5(k); or 42 U.S.C. § 1988(b);

E. Declaratory and injunctive relief to abate the harassment of Plaintiff; and

F. Such other and further relief as this Honorable Court deems equitable and just.

## COUNT V – HOSTILE WORK ENVIRONMENT AND DISCRIMINATORY HARASSMENT PURSUANT TO SECTION 1981

90.     Plaintiff re-asserts and re-alleges paragraphs one (1) through twenty five (25)   as if fully set forth herein.

91.     Plaintiff was subjected to harassment and a hostile work environment based on his race and/or national origin, Egyptian, in violation of Section 1981 (42 U.S.C. § 1981).

92.     Plaintiff was denied adequate promotions, equal pay, and vacation time by Defendant due to his race and/or national origin.

11

93.     Defendant was well aware of Plaintiff's race and/or national origin, Egyptian, and initiated adverse employment actions against him as a result thereof.

94.     As a result of Defendant's discriminatory actions against Plaintiff based on his race and/or national origin, Egyptian, Plaintiff has suffered adverse consequences and damages including, but not limited to, his termination and the loss of wages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MOHAMMED MAHRAN, requests that this Honorable Court enter judgment in his favor and against Defendant, and enter an Order awarding the following relief:

A. All wages and benefits he would have received but for the discrimination;

B. Compensatory damages;

C. Punitive damages;

D. An award of costs, as provided by the Act;

E. An award of reasonable attorney's fees, as provided by the Act;

F. Declaratory and injunctive relief to abate the harassment of Plaintiff; and

G. Such other and further relief as this Honorable Court deems equitable and just.

## COUNT VII – DISCRIMINATION UNDER THE ILLINOIS HUMAN RIGHTS ACT

95.     Plaintiff re-asserts and re-alleges paragraphs one (1) through twenty five (25)   as if fully set forth herein.

96.     The Illinois Human Rights Act prohibits discrimination on the basis of religion and national origin/ancestry. 775 ILCS 5/1-101 *et seq.*

12

97.     As described above, Plaintiff was subjected to numerous incidents of discrimination based on his religion, Islam, and his national origin/ancestry, Middle Eastern, while working as a pharmacist for Defendant.

98.     Defendant was aware of the harassment and discrimination, yet failed to take any action to deter or abate it.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MOHAMMED MAHRAN, requests that this Honorable Court enter judgment in his favor and against Defendant, and enter an Order awarding the following relief:

A.  All wages and benefits he would have received but for the discrimination;

B.  Compensatory damages;

C.  Punitive damages;

D.  An award of costs, as provided by the Act;

E.  An award of reasonable attorney's fees, as provided by the Act;

F.  Declaratory and injunctive relief to abate the harassment of Plaintiff; and

G.  Such other and further relief as this Honorable Court deems equitable and just.

## COUNT VIII -- RETALIATION UNDER THE ILLINOIS HUMAN RIGHTS ACT

99.     Plaintiff re-asserts and re-alleges paragraphs one (1) through twenty five (25) as if fully set forth herein.

100.    The Illinois Human Rights Act prohibits retaliation for filing charges of discrimination with the Illinois Department of Human Rights ("IDHR"). 775 ILCS 5/6-101 *et*

*seq.*

101.    As described above, Plaintiff was subjected to numerous incidents of discrimination based on his religion, Islam, and his national origin/ancestry, Middle Eastern, which lead him to file charges with the EEOC in 2018.

102.    Plaintiff was retaliated against by his supervisor for filing charges with the EEOC, and for making Defendant aware of the discrimination through his numerous informal complaints to his supervisors.

103.    As part of the retaliation, Plaintiff was terminated from employment at RCH on December 26,2017.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MOHAMMED MAHRAN, requests that this Honorable Court enter judgment in his favor and against Defendant, and enter an Order awarding the following relief:

A.  All wages and benefits he would have received but for the discrimination;

B.  Compensatory damages;

C.  Punitive damages;

D.  An award of costs, as provided by the Act;

E.  An award of reasonable attorney's fees, as provided by the Act;

F.  Declaratory and injunctive relief to abate the harassment of Plaintiff; and

G.  Such other and further relief as this Honorable Court deems equitable and just.

## COUNT IX – TITLE VII – GENDER  DISCRIMINATION

104.    Plaintiff re-asserts and re-alleges paragraphs one (1) through twenty five (25) twenty five (25)   as if fully set forth herein.

14

105.    Defendant subjected Plaintiff to a hostile work environment based on his gender, male, through severe and pervasive actions and inactions, thereby negatively altering the conditions of his employment and creating an abusive working environment.

106.    Despite knowledge of the harassing treatment of Plaintiff, Defendant failed to take any appropriate action to prevent or correct the discriminatory work conditions imposed upon Plaintiff.

107.    Defendant discriminated against Plaintiff when it failed to take appropriate action even after receiving numerous complaints from Plaintiff about the harassment, thereby allowing the hostile work environment to continue.

108.    The aforementioned acts and omissions of Defendant were willful and wanton, reckless, and malicious acts of unlawful discrimination against Plaintiff in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq.*

109.    As a direct and proximate result of Defendant's actions and omissions, Plaintiff has suffered emotional distress, lost wages and benefits, and other consequential damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, MOHAMMED MAHRAN, requests that this Honorable Court enter judgment in his favor and against Defendant, and enter an Order awarding the following relief:

G.  All wages and benefits he would have received but for the discrimination;

H.  Compensatory damages;

I.  An award of costs, as provided by F.R.C.P. 54(d)(1);

J.  An award of reasonable attorney's fees, as provided by 42 U.S.C. § 2000e-5(k); or 42 U.S.C. § 1988(b);

15

K.  Declaratory and injunctive relief to abate the harassment of Plaintiff; and

L.  Such other and further relief as this Honorable Court deems equitable and just.


## JURY TRIAL DEMAND


Plaintiff hereby requests a jury trial on all issues of fact and law raised by the allegations contained in this Complaint.


Respectfully Submitted,

MOHAMMED MAHRAN
Plaintiff

BY: _____  12/5/19

Mohammed Maharn

Address: 4409 W 95th street, Apt 6, Oak lawn IL 60453

Phone: 267-254-2991

E-mail: mohamahran@hotmail.com

16

# EXHIBIT A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 440-2018-08190 |

| Illinois Department Of Human Rights | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Mr. Mohammed Mahran** | **(267) 254-2991** | |

| Street Address | City, State and ZIP Code |
|---|---|
| **4409 W 95th St #6, Oak Lawn, IL 60453** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **ROSELAND COMMUNITY HOSPITAL** | **15+** | **(773) 995-3000** |

| Street Address | City, State and ZIP Code |
|---|---|
| **45 W 111th Street, Chicago, IL 60628** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE ☐ COLOR ☒ SEX ☒ RELIGION ☒ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest — Latest: **12-26-2017**

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):
**See attached**

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

**Sep 19, 2018**

Date — Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

# EXHIBIT

# B

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Mohammed Mahran<br>4409 W 95th St #6<br>Oak Lawn, IL 60453 | From: | Chicago District Office<br>230 S. Dearborn<br>Suite 1866<br>Chicago, IL 60604 |
|---|---|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | | |
|---|---|---|---|
| EEOC Charge No. | EEOC Representative | | Telephone No. |
| 440-2018-08190 | Eric Lamb,<br>Investigator | | (312) 872-9677 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

|  | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
|---|---|
|  | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
|  | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
|  | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| X | The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge. |
|  | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
|  | Other (briefly state) |

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

Julianne Bowman,
District Director

9-17-19
(Date Mailed)

Enclosures(s)

cc:   Roseland Community Hospital
c/o Mark E. Furlane, Attorney
BURGER, NEWMARK & FENCHEL P.C.
1753 North Tripp Avenue
Chicago, IL 60639

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form | ☐ FEPA<br>☒ EEOC | 440-2018-08190 |

| Illinois Department Of Human Rights | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr, Ms, Mrs.)<br>**Mr. Mohammed Mahran** | Home Phone (incl. Area Code)<br>**(267) 254-2991** | Date of Birth |
|---|---|---|

Street Address         City, State and ZIP Code
**4409 W 95th St #6, Oak Lawn, IL 60453**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>ROSELAND COMMUNITY HOSPITAL | No. Employees, Members<br>15+ | Phone No. (Include Area Code)<br>(773) 995-3000 |
|---|---|---|

Street Address         City, State and ZIP Code
**45 W 111th Street, Chicago, IL 60628**

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|

Street Address         City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE    ☐ COLOR    ☒ SEX    ☒ RELIGION    ☒ NATIONAL ORIGIN

☒ RETALIATION    ☐ AGE    ☐ DISABILITY    ☐ GENETIC INFORMATION

☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest      Latest
     12-26-2017

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):
**See attached**

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

**Sep 19, 2018**
Date         Charging Party Signature

Mr. Mohammed Mahran - EEOC Position Statement against Roseland Community Hospital

On June 26, 2017, I was hired as a full-time clinical pharmacist at Roseland Community Hospital, 45 West 111th Street, Chicago, Illinois, 60628 (773-995-3000), which has more than 15 employees. On September 26, 2017, I completed my probation period with no issues. On October 17, 2017, I raised issues regarding patient safety to my director Pamela Tanyitiku, which resulted in retaliation against me by deleting some of the hours I worked from the system and refusing to pay me for these hours. *See* attached Exhibit A (an e-mail dated October 23, 2017, from Mohammed Mahran to Pamela Tanyitiku, Pharmacy Director, regarding unpaid work hours for October 2017).

On November 8, 2017, I had a meeting with Ms. Tanyitiku's supervisor, the Chief Nurse Officer Jeraldene Shaffer, which had no result. That same day, I sent an e-mail to Roseland's CEO, Timothy Egan, asking for a meeting to discuss patient safety concerns and the actions taken by Ms. Tanyitiku against me, including religious discrimination and retaliation by deleting the hours I worked as a result of raising these concerns. *See* attached Exhibit B (an e-mail dated November 8, 2017 from Mohammed Mahran to the CEO regarding discrimination and retaliation). On November 15, 2018, I had a meeting with Mr. Egan, Ms. Tanyitiku, Ms. Shaffer, and the Director of Human Resources, Paulette Clark, at which time I showed them documentary evidence of discrimination against me based on my religion, race, and gender.

On November 16, 2017, the CEO, Mr. Egan, sent the Roseland Hospital Chaplain to discuss my concerns with me, and then relay those concerns to Ms. Tanyitiku while convincing her not to discriminate against me based on my religion. That same day, I e-mailed Ms. Tanyitiku asking for permission to complete my Friday weekly prayer during my 30-minute

lunch break, which was 5 hours and 30 minutes after the start of my shift. *See* attached Exhibit C (an e-mail dated November 16, 2017, from Mohammed Mahran to Pamela Tanyitiku regarding Friday prayers). Ms. Tanyitiku ignored my e-mail and thereby withheld her permission, which prevented me from leaving for prayer that day even though there were other pharmacists available to cover the pharmacy.

On December 5, 2017, I received a note from Ms. Tanyitiku alleging that I made some mistakes in the pharmacy, and she gave me a written warning. *See* attached Exhibit D (a letter dated December 5, 2017, from Pamela Tanyitiku to Mohammed Mahran regarding Probationary Status Review). On December 12, 2017, in response to Ms. Tanyitiku's allegations, I e-mailed Mr. Egan, Ms. Clark, and Ms. Tanyitiku explaining that the allegations against me were false and the mistakes were actually made by Ms. Tanyitiku and pharmacist Lauren McCauley, facts which are supported by the pharmacy database and documents. *See* attached Exhibit E (an e-mail dated December 12, 2017, from Mohammed Mahran to the CEO regarding discrimination and retaliation). In responding to the performance concerns alleged against me, I also requested that action be taken against those who made the mistakes since they involved patient safety. Upon information and belief, none of the individuals responsible for the mistakes were held accountable or ever disciplined in any way.

I believe Ms. Tanyitiku's disparate treatment against me is motivated by racial and religious discrimination, as well as retaliation for bringing patient safety concerns to the CEO, Mr. Egan. For quite some time there has been a pattern at Roseland of Ms. Tanyitiku discriminating against employees for raising patient safety concerns, which includes Lenee Souta, as well as pharmacist Tiajuana Dixon (who filed a charge with the EEOC for racial

discrimination in May 2017). *See* attached Exhibit E (an e-mail dated December 12, 2017, from Mohammed Mahran to the CEO regarding discrimination and retaliation).

I sent two e-mails to Ms. Tanyitiku explaining that all the mistakes were fabricated, but she refused to meet with me and discuss my concerns. Mr. Egan replied to one of my e-mails stating that he would meet with me to discuss my concerns, but he never did. *See* attached Exhibit F (an e-mail dated December 13, 2017, from Timothy Egan to Mohammed Mahran requesting a meeting). On December 14, 2017, I e-mailed all of my concerns regarding retaliation and religious discrimination to every single member of the Hospital's Board and requested a meeting, but none of them scheduled a meeting with me.

That same day, at or around 2:00 p.m., HR Director Ms. Clark called me for a meeting with her, Ms. Shaffer, and Ms. Tanyitiku. I arrived at the meeting hoping that the issues would be thoroughly discussed and resolved. However, when I began to speak in the meeting, Ms. Clark stated that I had no right to speak. She shouted in my face by stating that I have no right to defend myself, that none of my concerns will be resolved regardless of what I say, and that she is here just to agree with what Ms. Shaffer and Ms. Tanyitiku say even if it is wrong or affects patient safety. The meeting was completely unprofessional and I felt that my personal safety was in danger. I asked Ms. Clark whether the CEO, Mr. Egan, who initially called for this meeting knew about her actions, and Ms. Clark stated that it was none of my business.

I left the hostile meeting and went to speak with Mr. Egan, since he requested to meet with me. In retaliation, the HR Director Ms. Clark verbally suspended me without giving me any documentation. She took my pharmacy keys and my badge, and then fired me without taking any testimony or properly investigating any of my allegations. I believe that my termination by Ms. Clark was motivated by racial and religious discrimination, as well as retaliation for bringing

patient safety concerns to the CEO. *See* attached Exhibit G (Roseland suspension letter dated December 14, 2017; Roseland termination letter dated December 26, 2017).

Dated: September 5, 2018.

Mohammed Mahran
4409 W. 95th Street, Apt. 6
Oak Lawn, IL 60453
mohamahran@hotmail.com
Phone: 267-254-2991



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Chicago District Office ,

500 West Madison Street, Suite 2000
Chicago, IL 60661
PH: (312) 869-8000
TTY: (312) 869-8001
ENFORCEMENT FAX: (312) 869-8220
STATE & LOCAL FAX: (312) 869-8977
LEGAL FAX: (312) 869-8124

FILE REVIEWS FAX: (312) 869-8220
MEDIATION: (312) 869-8060
HEARINGS FAX: (312) 869-8125

# NOTICE OF DISCLOSURE RIGHTS

Parties to an EEOC charge are entitled to review and obtain copies of documents contained in their investigative file. Requests must be made in writing to Sylvia Bustos and either mailed to the address above, faxed to (312) 869-8220 or sent via email to sylvia.bustos@eeoc.gov (please chose only one method, no duplicate requests). *Be sure to include your name, address, phone number and EEOC charge number with your request.*

If you are the Charging Party and a RIGHT TO SUE has been issued, you may be granted access to your file:

* Before filing a lawsuit, but within 90 days of your receipt of the Right to Sue, or

* After your lawsuit has been filed. If more than 90 days have elapsed since your receipt of the Right to Sue, include with your request a copy of the entire court complaint (with court stamped docket number) or enough pages to determine whether it was filed based on the EEOC charge.

If you are the *Respondent* you may be granted access to the file *only after* a lawsuit has been filed. Include with your request a copy of the entire court complaint that includes an official court stamped docket number.

Pursuant to federal statutes, certain documents, such as those which reflect the agency's deliberative process, will not be disclosed to either party.

You must sign an Agreement of Nondisclosure before you are granted access to the file, which will be sent to you after receipt of your written request. (Statutes enforced by the EEOC prohibit the agency from making investigative information public.)

The process for access to the file will begin no later than ten (10) days following receipt of your request.

When the file becomes available for review, you will be contacted. You may review the file in our offices and/or request that a copy of the file be sent to you. Files may not be removed from the office.

Your file will be copied by Aloha Print Group, 60 East Van Buren, Suite 1502, Chicago, IL 60605, (312) 542-1300. You are responsible for the copying costs and must sign an agreement to pay these costs before the file will be sent to the copy service. Therefore, it is recommended that you first review your file to determine what documents, if any, you want copied. EEOC will not review your file or provide a count of the pages contained in it. If you choose not to review your file, it will be sent in its entirety to the copy service, and you will be responsible for the cost. Payment must be made directly to Aloha Print Group, which charges 15 cents per page.

(Revised 04/20 2016, previous copies obsolete)

# FILING SUIT IN COURT OF COMPETENT JURISDICTION

### PRIVATE SUIT RIGHTS

The issuance of this *Notice of Right to Sue* or *Dismissal and Notice of Rights* ends the EEOC process with respect to your Charge. You may file a lawsuit against the Respondent within 90 days from the date you receive this Notice. Therefore, you should keep a record of the date. Once the 90 day period is over, your right to sue is lost. If you intend to consult an attorney, you should do so as soon as possible. Furthermore, in order to avoid any question that you did not act in a timely manner, if you intend to sue on your own behalf, your suit should be filed well in advance of the expiration of the 90 day period.

You may file your lawsuit in a court of competent jurisdiction. Filing this Notice is not sufficient. A court complaint must contain a short Statement of the facts of your case which shows that you are entitled to relief. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the Respondent has its main office.

You may contact the EEOC if you have any questions about your rights, including advice on which court can hear your case, or if you need to inspect and copy information contained in the case file.

IF THE FIRST THREE CHARACTERS OF YOUR EEOC CHARGE NUMBER ARE "21B" AND YOUR CHARGE WAS INVESTIGATED BY THE ILLINOIS DEPARTMENT OF HUMAN RIGHTS (IDHR), REQUEST FOR REVIEWING AND COPYING DOCUMENTS FROM YOUR FILE MUST BE DIRECTED TO IDHR.

A lawsuit against a private employer is generally filed in the U.S. District Court.

A lawsuit under Title VII of the Civil Rights Act of 1964, as amended, against a State agency or a political subdivision of the State is also generally filed in the U.S. District Court.

However, a lawsuit under the Age Discrimination in Employment of the American with Disabilities Act or, probably, the Equal Pay Act against a State instrumentality (an agency directly funded and controlled by the State) can only be filed in a State court.

A lawsuit under the Age Discrimination in Employment Act or the American with Disabilities Act or the Equal Pay Act against a political subdivision of a State, such as municipalities and counties, may be filed in the U.S. District Court.

For a list of the U.S. District Courts, please see the reverse side.

### ATTORNEY REPRESENTATION

If you cannot afford an attorney, or have been unable to obtain an attorney to represent you, the court having jurisdiction in your case may assist you in obtaining a lawyer. If you plan to ask the court to help you obtain a lawyer, you must make this request of the court in the form and manner it requires. Your request to the court should be made well in advance of the 90 day period mentioned above. A request for representation does not relieve you of the obligation to file a lawsuit within the 90-day period.

### DESTRUCTION OF FILE

If you file suit, you or your attorney should forward a copy of your court complaint to this office. Your file will then be preserved. Unless you have notified us that you have filed suit, your Charge file could be destroyed as early as six months after the date of the Notice of Right to Sue.

IF YOU FILE SUIT, YOU OR YOUR ATTORNEY SHOULD NOTIFY THIS OFFICE WHEN THE LAWSUIT IS RESOLVED.

# INFORMATION ON WHERE TO FILE SUIT

You have been notified of your right to sue in Federal District Court. Suit is ordinarily filed in the District having jurisdiction of the county in which the employer, against whom you filed a Charge of employment discrimination, is located. The telephone number listed for each District is that of the Clerk of the Court.

| U.S. DISTRICT COURT | | U.S. DISTRICT COURT | |
|---|---|---|---|
| Northern District of Illinois | | Central District of Illinois | |
| Eastern Division at Chicago | | Urbana Division | |
| 219 South Dearborn Street | | 201 South Vine | |
| Chicago, IL 60604 | | Urbana, IL 61801 | |
| 312-435-5670 | | 217-373-5830 | |
| Counties | | Counties | |
| Cook | Kendall | Champaign | Kankakee |
| DuPage | Lake | Coles | Macon |
| Grundy | LaSalle | Douglas | Moultrie |
| Kane | Will | Edgar | Piatt |
| | | Ford | Vermillion |
| | | Iroquois | |
| U.S. DISTRICT COURT | | Peoria Division | |
| Northern District of Illinois | | | |
| Western Division at Rockford | | 100 N.E. Monroe Street | |
| 211 South Court Street | | 135 Federal Building | |
| Federal Building | | Peoria, IL 61602 | |
| Rockford, IL 61101 | | 309-671-7117 | |
| 815-987-4355 | | | |
| Counties | | Counties | |
| Boone | McHenry | Bureau | McLean |
| Carroll | Ogle | Fulton | Peoria |
| DeKalb | Stephenson | Hancock | Putnam |
| JoDaviess | Whiteside | Knox | Stark |
| Lee | Winnebago | Livingston | Tazewell |
| | | Marshall | Woodford |
| | | McDonough | |
| U.S. DISTRICT COURT | | Rock Island Division | |
| Southern District of Illinois | | 211 19th Street | |
| 750 Missouri Avenue | | Rock Island, IL 61201 | |
| East St. Louis, IL 62201 | | 309-793-5778 | |
| 618-482-0671 | | | |
| *and* | | | |
| 301 Main Street | | | |
| Benton, IL 62812 | | | |
| 618-438-0671 | | | |
| Counties | | Counties | |
| Alexander | Johnson | Henderson | Rock Island |
| Bond | Lawrence | Henry | Warren |
| Calhoun | Madison | Mercer | |
| Clark | Marion | Springfield Division | |
| Clinton | Monroe | 600 East Monroe Street | |
| Crawford | Perry | Springfield, IL 62701 | |
| Cumberland | Pope | 217-492-4020 | |
| Edwards | Pulaski | | |
| Effingham | Randolph | Counties | |
| Fayette | Richland | Adams | Logan |
| Franklin | St. Clair | Brown | Macoupin |
| Gallatin | Saline | Cass | Mason |
| Hamilton | Union | Christian | Menard |
| Hardin | Wabash | DeWitt | Montgomery |
| Jackson | Washington | Green | Morgan |
| Jasper | Wayne | Pike | Schuyler |
| Jefferson | White | Shelby | |
| Jersey | Williamson | | |